IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BILAL IBN SABUR,** | : | CIVIL ACTION NO. 1:21-CV-1152 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

This is a prisoner civil rights case in which plaintiff Bilal Ibn Sabur alleges that defendants failed to take adequate security measures and failed to protect him from an assault by another inmate. We have screened the complaint pursuant to 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted as to defendants John Wetzel, John Ransom, K. Fagan, and John Doe Deputy Superintendent. The complaint will be dismissed in part without prejudice, and Sabur will be granted leave to file an amended complaint.

**I.**     **Factual Background & Procedural History**

Sabur is currently incarcerated in the State Correctional Institution-Rockview ("SCI-Rockview"). At all times relevant to this case, he was incarcerated in the State Correctional Institution-Dallas ("SCI-Dallas"). Sabur initiated this cased through the filing of a complaint on June 29, 2021. The court subsequently granted Sabur's motion for leave to amend the complaint, and Sabur filed his amended complaint on September 20, 2021.

According to the allegations in the amended complaint, Sabur was assaulted by another inmate with a six-inch blade in SCI-Dallas on October 8, 2019, at 4:20 p.m. (Doc. 11 at 5). Sabur alleges that the assault occurred because correctional officers in the prison failed to secure cell doors and failed to secure the corridor where the assault occurred. (Id.) Sabur also alleges that the Department of Corrections' failure "to provide video equipment and/or extra security measure's [sic] caused this assault." (Id.)

Sabur asserts that correctional officers were not at their posts when the assault began and that they failed to intervene to stop the assault once they became aware it was happening. (Id.) Following the assault, Sabur was allegedly taken into administrative custody for fighting another inmate and charged with disciplinary infractions. (Id. at 6). The disciplinary charges against him were subsequently dropped, and the other inmate allegedly pled guilty to assaulting him (Id.) Sabur asserts that he was never interviewed about the incident. (Id.) He was subsequently transferred out of SCI-Dallas, which he alleges was "for retaliation." (Id. at 5).

The amended complaint names four correctional officers as defendants: Carter, Peacock, a John Doe defendant identified as a correctional officer, and a John Doe defendant identified as a security captain and correctional officer. (Id. at 3-4). The amended complaint also names as defendants John Wetzel, the Secretary of the Department of Corrections; John Ransom, SCI-Dallas's Facility Manager; K. Fagan, SCI-Dallas's Assistant Facility Manager; and a John Doe defendant identified as SCI-Dallas's Deputy Superintendent. (Id.) Sabur raises constitutional

2

claims under 42 U.S.C. § 1983 for deliberate indifference to a serious risk of harm to his health and safety in violation of the Eighth Amendment, violation of his right of access to the courts in violation of the First Amendment, and retaliation in violation of the First Amendment.  (Id.)

## II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A.[1]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See id.

## III.  Discussion

Sabur brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, we find that Sabur's First Amendment claims for violation of his right of access to the courts and retaliation fail to state claims upon which relief may be granted. To state a claim for violation of access to the courts, a plaintiff must allege some action by defendants that caused an actual injury to the plaintiff's ability to litigate a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Sabur fails to allege what actions by defendants hindered his access to the courts or what actual injury the defendants' actions caused.

To state a claim for First Amendment retaliation, a plaintiff must allege (1) that he engaged in constitutionally protected conduct; (2) that the defendant took retaliatory action against the plaintiff that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that a causal connection existed between the constitutionally protected conduct and the retaliatory activity. Starnes v. Butler Cty. Ct. of Common Pleas, 50th Judicial Dist., 971 F.3d 416, 429 (3d Cir. 2020) (citing Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017)). Sabur alleges that his transfer out of SCI-Rockview was "for retaliation," but he does not allege what constitutionally protected conduct he engaged in to

cause such retaliation or any causal connection between his conduct and the transfer. Accordingly, we will dismiss Sabur's First Amendment access to the courts and retaliation claims.

Turning to Sabur's Eighth Amendment claim, plaintiffs alleging that defendants have failed to protect them from harm caused by other inmates must allege (1) that they are incarcerated under conditions posing a substantial risk of serious harm and (2) that defendants were deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Sabur's amended complaint meets this pleading standard with respect to the four correctional officer defendants because he alleges that that they failed to properly secure cell doors and the prison corridor, that they were not at their appropriate duty stations when the assault began, and that they failed to intervene when they became aware of the assault.

Sabur fails to state a claim with respect to defendants Wetzel, Ransom, Fagan, and John Doe Deputy Superintendent, however, because he does not allege how those defendants were personally involved in the alleged violation of his rights. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. Sabur does not allege any direct involvement in the incident in question by Wetzel, Ransom, Fagan, or the Deputy Superintendent. Rather, he

appears to name them as defendants solely based on their supervisory roles in the DOC. This is insufficient to state a claim upon which relief may be granted, see Rode, 845 F.2d at 1207, and we will accordingly dismiss the deliberate indifference claim with respect to those defendants.

We will, however, grant Sabur leave to file a second amended complaint. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d 224, 245 (3d Cir. 2008). Leave to amend is appropriate here because the dismissed claims are factually, rather than legally, deficient.

### IV.  Conclusion

We will dismiss the amended complaint (Doc. 11) in part and without prejudice. Plaintiff will be granted leave to file a second amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 29, 2021